IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY ISAAC,<br><br>    Petitioner,<br><br>VS.<br><br>NATHANIEL QUARTERMAN, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§    NO. 3-07-CV-0796-D<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Gary Isaac, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

A jury convicted petitioner of injury to a child and sentenced him to 40 years confinement. His conviction and sentence were affirmed on direct appeal. *Isaac v. State*, No. 05-01-01769-CR, 2003 WL 253590 (Tex. App.--Dallas, Feb. 6, 2003, pet. ref'd). Instead of collaterally attacking his conviction in state court, petitioner sought federal habeas relief. His petition, which contained both exhausted and unexhausted claims, was dismissed without prejudice for failure to exhaust state remedies. *Isaac v. Dretke*, No. 3-04-CV-0563-K, 2004 WL 2168346 (N.D. Tex. Sept. 27, 2004), *rec. adopted*, 2004 WL 2607799 (N.D. Tex. Nov. 16, 2004). Petitioner then filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Isaac*, No.

57,547-03 (Tex. Crim. App. May 10, 2006). Having satisfied the exhaustion requirement, petitioner now returns to federal court.

II.

In multiple grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel at trial and on appeal; (2) the trial court improperly admitted evidence of extraneous offenses; (3) the prosecutor failed to disclose evidence favorable to the defense; (4) the jury should have been instructed on the need to corroborate accomplice witness testimony; and (5) he is actually innocent.

By order dated May 11, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on May 29, 2007. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 40 years in prison for injury to a child. The court of appeals affirmed his conviction on February 6, 2003. The Texas Court of Criminal Appeals refused a petition for discretionary review on April 9, 2003. Therefore, petitioner's conviction became final 90 days thereafter on July 8, 2003, when the deadline for filing a petition for writ of certiorari expired. *See* S.Ct. R. 13.1 (90-day deadline for filing petition for writ of certiorari); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed an application for state post-conviction relief on November 30, 2004. The application was denied on May 10, 2006. Petitioner filed this action in federal district court on April 30, 2007.

The AEDPA statute of limitations started to run on July 8, 2003 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Although petitioner first sought federal habeas relief on March 14, 2004, prior to the expiration of the one-year limitations period, "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001). Consequently, petitioner is not entitled to statutory

tolling during the pendency of his first federal writ. *Id.*, 121 S.Ct. at 2129. Petitioner did not file an application for state post-conviction relief until November 30, 2004--more than 16 months after his conviction became final. His second federal writ was filed on April 30, 2007--more than 11 months after his state writ was denied. Unless there is some basis for equitable tolling, petitioner's federal claims are time-barred.

1.

In an attempt to excuse this delay, petitioner argues that he was "under the impression" that the court had dismissed only the unexhausted claims raised in his prior federal writ and held his exhausted claims in abeyance so petitioner could return to state court to satisfy the exhaustion requirement. (*See* Pet. Reply at 4). Nothing in the record suggests that petitioner was misled or misinformed by the court in this regard. After respondent asked the court to dismiss petitioner's prior federal writ without prejudice for failure to exhaust state remedies, petitioner expressed his desire to prosecute only his exhausted claims. However, petitioner later requested the dismissal of his federal writ without prejudice "to allow him to exhaust his state-court remedies." In light of these conflicting submissions, the court ordered petitioner to clarify whether he sought the dismissal of his habeas petition in its entirety, or whether he sought dismissal of only the unexhausted claims. The court also addressed the potential impact of the AEDPA statute of limitations on petitioner's decision:

> Although Petitioner's response literally seeks to have his petition dismissed in its entirety, . . . *it further appears that any subsequently filed petition pursuant to 28 U.S.C. § 2254 will be subject to the one-year statute of limitations.* See 28 U.S.C. § 2244(d)(1); *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 2129 (2001) (one-year period for filing federal habeas petition was not tolled during pendency of petitioner's first federal habeas petition under 28 U.S.C. § 2244(d)(2)). Given Petitioner's lay status and his unfamiliarity with

> legal principles it is appropriate to give him notice of the one year limitation period and to require him to unequivocally advise the court whether he seeks dismissal of his petition in its entirety or whether he seeks dismissal of only the unexhausted grounds[.]

Order, 8/12/04 (emphasis added). Petitioner did not respond to the order.[1] On September 27, 2004, the magistrate judge recommended that the district court dismiss petitioner's federal writ without prejudice as a mixed petition. The only reference to the AEDPA statute of limitations in the magistrate judge's recommendation is the following footnote:

> It is well settled in the Fifth Circuit that normally mixed habeas petitions must be dismissed under *Rose v. Lundy*. In the event Petitioner wishes to amend the petition in this case by moving to dismiss his unexhausted grounds, he is cautioned that "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Petitioner is also cautioned that the Antiterrorism and Effective Death Penalty Act imposes a one-year limitation period on the time within which a state prisoner can seek federal habeas corpus relief.*

*Isaac*, 2004 WL 2168346 at *2 n.1 (emphasis added) (internal citations omitted). This recommendation was adopted by the district judge without commenting on the limitations issue. *Isaac*, 2004 WL 2607799.

Petitioner filed an application for state post-conviction relief on November 30, 2004. On May 13, 2005, while his state writ was pending, petitioner wrote the federal magistrate judge asking whether he would be eligible to file another federal writ if his state writ was denied, thereby "avoiding the one year limitation period of the AEDP Act[.]" The magistrate judge responded:

> The Order filed in this case on August 12, 2004, as well as the findings, conclusions and recommendation filed on September 27, 2004, specifically advised you about the one-year limitation period

---

[1] In his reply, petitioner states that he responded to the order by advising the court that he wanted to dismiss only his unexhausted claims. (*See* Pet. Reply at 3 & Exh. A). Even if this letter, which was never filed of record, was overlooked by the magistrate judge in recommending the dismissal of all claims alleged by petitioner in his prior federal writ, petitioner never objected to that recommendation before it was adopted by the district court.

>and the options available to you with respect to your unexhausted claims. Any further explanation of the one-year limitation period would amount to legal advice, which we cannot provide.

Ltr., 6/8/05. The docket does not reflect any further communication between petitioner and the court.

The court initially observes that the AEDPA statute of limitations expired on July 8, 2004-- more than one month before the magistrate judge first communicated with petitioner regarding the dismissal of his mixed habeas petition. For that reason alone, petitioner could not have been misled by anything the magistrate judge might have said in his August 12, 2004 order, his September 27, 2004 recommendation, or his June 8, 2005 letter. *See Kennedy v. Dretke*, No. H-05-2805, 2005 WL 3504346 at *3 (S.D. Tex. Dec. 21, 2005) (petitioner not entitled to equitable tolling where AEDPA statute of limitations had expired by the time court dismissed mixed federal habeas petition).

Moreover, contrary to petitioner's assertions, at no time did the court make any representation or take any action that would cause him to believe that he could file a subsequent federal writ after the expiration of the AEDPA statute of limitations. *Compare Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2277 (2003) (equitable tolling not permitted where court did not make affirmative representations regarding the effect of the AEDPA limitations period) *and Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1621 (2003) (same), *with United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000) (applying equitable tolling where court unintentionally misled petitioner into believing that habeas petition was due after statute of limitations expired). Not only did the magistrate judge twice caution petitioner that a subsequent federal writ would be subject to the AEDPA limitations period, but in one of his orders, the judge mentioned that the "one-year period for filing [a] federal habeas petition [is] not tolled during the pendency of petitioner's first federal habeas petition under 28 U.S.C. § 2244(d)(2)." *See* Order,

8/12/04, *citing Duncan*, 121 S.Ct. at 2129. That petitioner's "lay status and unfamiliarity with court principles" may have caused him to misunderstand these orders does not warrant equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (petitioner not entitled to equitable tolling because of unfamiliarity with legal process and lack of representation).[2]

2.

Petitioner also faults the Texas Court of Criminal Appeals for waiting 18 months before ruling on his state writ. As previously mentioned, the AEDPA statute of limitations had already expired by the time petitioner filed his application for state post-conviction relief. The 18-month delay in ruling on petitioner's state writ had absolutely no impact on the untimeliness of his federal writ.

3.

Finally, the court notes that petitioner did not file his second federal writ until April 30, 2007 -- 355 days after his state writ was denied. Equitable tolling requires a petitioner to diligently pursue relief. *Coleman v. Johnson*, 184 F.3d 398, 404 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000); *see also Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001) ("[E]quity is not intended for those who sleep on their rights."). Even if petitioner was somehow misled by the court regarding the effect of the AEDPA statute of limitations before his first federal writ was dismissed, he wholly fails to explain the nearly one-year delay in filing his second federal writ after exhausting his state remedies.

---

[2] To the extent petitioner argues that the court was required to advise him that any subsequent federal writ may be barred by the AEDPA statute of limitations, such an argument is without merit. *See Pliler v. Ford*, 542 U.S. 225, 231-34, 124 S.Ct. 2441, 2446-47, 159 L.Ed.2d 338 (2004) (rejecting any requirement that federal courts advise prisoners of effect of statute of limitations before dismissing mixed habeas petitions, noting that such advisements may be misleading and would unduly burden district judges).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 11, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE